IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AYN HARRIS, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civ. No. 11-035-SLR<br>) |
| DEBRA WOODEN, et al., | )<br>) |
| Defendants. | ) |

Ayn Harris, Gibbstown, New Jersey. Pro Se Plaintiff.

Daniel Foster McAllister, Esquire, Assistant City Solicitor, City of Wilmington Law Department, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

Dated: September 9, 2011
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Ayn Harris ("plaintiff") filed this lawsuit alleging violations of her constitutional rights to due process and equal protection. Plaintiff proceeds pro se and was granted leave to proceed without prepayment of fees. (See D.I. 3) Presently before the court is the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) filed by defendants City of Wilmington ("the City"), Department of Revenue ("Department of Revenue"), Department of Police Records ("Department of Records"), John Rago ("Rago"), and Debra Wooden ("Wooden") (together "City defendants"). (D.I. 26) Plaintiff did not respond to the motion. The complaint states that this court has diversity and original jurisdiction. For the reasons discussed, the court will deny in part and grant in part the motion.

## II. BACKGROUND

This case was originally filed in the United States District Court for the District of New Jersey. It was transferred to this court on January 7, 2011.[1] (See D.I. 23)

On April 5, 2010, plaintiff, who resides in New Jersey, discovered that her vehicle, parked on a street in Wilmington, Delaware, was immobilized through the use of a device called a "boot." Plaintiff had recently purchased the car for $1,500.00 from a Pennsylvania dealership and was waiting for the car's title to be mailed to her. As a result, the car was unregistered.

A notice on the windshield of the car provided a phone number for the City and instructions on how to retrieve the car. The notice states, "If you think there are valid

---

[1]The same order denied without prejudice plaintiff's motion for injunctive relief.

reasons why your vehicle should not have been immobilized, you may pay the total amount due 'under protest,' at which time your vehicle will be released. You may pick up the appeal procedures and form at the Revenue Department. . . . The appeal must be filed within 5 days after payment is made." (D.I. 1, ex. A) According to the complaint, plaintiff called the number and spoke with a woman who informed her that the car was mistakenly booted. The woman informed plaintiff that she would not be charged any money. Plaintiff was told as well: (1) that the car would be towed but she could retrieve it once she provided proof of ownership; (2) to check with the Department of Revenue and the Records Department to ensure that she did not owe any money to the City or that any warrants were outstanding before she attempted to reclaim the vehicle; and (3) that, once she received a release, she could take possession of her car, but she was required to have the vehicle towed to New Jersey. An employee with defendant Swift Towing ("Swift Towing") arrived to remove the boot from plaintiff's vehicle and towed it away.[2] (D.I. 1)

On or about April 9, 2010, plaintiff visited the Department of Revenue and the Records Department and met with Wooden, a cashier supervisor with the Department of Revenue, who refused to release her car. Next, plaintiff spoke with Rago, the Director of Communications with the City. Plaintiff showed Rago her bill of sale as proof of ownership of the vehicle, and Rago indicated that he would arrange for the release of her car. Rago left and returned approximately forty-five minutes later. He refused to release the car without giving a reason.

---

[2]Swift Towing has been served, but has not answered or otherwise appeared. (See D.I. 6)

Plaintiff filed the instant complaint asserting that the refusal to release her vehicle violated her due process, equal protection, and property rights. According to plaintiff, her car has been withheld from her without any explanation or opportunity to demonstrate why it should not be released. Plaintiff seeks the return of her car and any other injunctive or declaratory relief deemed fit by the court.

On January 18, 2011, City defendants moved to dismiss plaintiff's claims pursuant to Rule 12(b)(1) and Rule 12(b)(6). More particularly, City defendants argue that this court lacks subject matter jurisdiction to the extent jurisdiction lies in diversity because the amount in controversy does not exceed $75,000. In addition, they argue that the complaint fails to state a claim upon which relief can be granted. Plaintiff did not respond to the motion.

## III. STANDARDS OF REVIEW

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of subject matter jurisdiction. Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the court's subject matter jurisdiction. In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply. In this regard, the court must accept all factual allegations in the complaint as true, and the court may only consider the complaint and documents referenced in or attached to the complaint. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a factual challenge to the court's subject matter jurisdiction, the court is not confined to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations in the complaint. *Mortensen v. First Fed. Sav. and Loan*

*Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Instead, the court may consider evidence outside the pleadings, including affidavits, depositions and testimony, to resolve any factual issues bearing on jurisdiction. *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997). Once the court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. *Mortensen*, 549 F.2d at 891.

### B. Rule 12(b)(6)

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for

relief." *Id.* at 211; *see also Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

## IV. DISCUSSION

The court turns first to the issue of dismissal pursuant to Rule 12(b)(6). Even if the amount in controversy is below $75,000, thus divesting this court of diversity jurisdiction under 28 U.S.C. § 1332, the amount in controversy is irrelevant to plaintiff's claims alleging violations of her constitutional rights vesting this court with original jurisdiction pursuant to 28 U.S.C. § 1331.[3]

---

[3]City defendants made the same argument before the Honorable Noel L. Hillman ("Judge Hillman") who ordered transfer of the case from the District of New Jersey to the District of Delaware. In his order Judge Hillman opined, "Regardless of the merit of Defendants' argument, federal question jurisdiction still exists." (D.I. 22, n.7)

## A. Constitutional Claims

The complaint alleges a violation of the right to due process in that plaintiff received no notice or hearing before being denied her property rights and a violation of the right to equal protection in that she was not provided reasons why she was treated differently from others whose cars were towed in similar situations.

### 1. Due process

City defendants argue for dismissal by referring to the Wilmington City Code and relying upon their position that the bill of sale for the vehicle at issue is not proof of ownership. In deciding a motion to dismiss, a court should look to the face of the pleadings and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the non-movant, the allegations state a legal claim. *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990). The court may take judicial notice of relevant city code sections. *See Goodwin v. Elkins & Co.*, 730 F.2d 99, 103 n.6 (3d Cir. 1984) ("To the extent [the court relies] on sources outside of the complaint to reach [its] conclusions, such reliance is based only upon relevant state statutes . . . , of which judicial notice may be taken.").

The procedural component of the Due Process Clause of the Fourteenth Amendment provides that a state shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. This procedural aspect mandates that individuals have a "meaningful" opportunity to contest significant deprivations of liberty or property. *Abbott v. Latshaw,* 164 F.3d 141, 146-47 (3d Cir. 1998). Advance notice is the constitutional norm, but post-deprivation notice meets due process standards if it "guarantee[s] protection against erroneous or arbitrary seizures."

*Id.* The adequacy of post-deprivation procedures depends on a balancing of the government interests involved and the risk of an erroneous deprivation caused by a lack of additional safeguards. *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976), *quoted with approval in City of Los Angeles v. David,* 538 U.S. 715, 716 (2003) (per curiam). Accordingly, "[t]o establish a cause of action for a violation of procedural due process, a plaintiff [must prove] that a person acting under color of state law deprived [her] of a protected interest [and] that the state procedure for challenging the deprivation does not satisfy the requirements of procedural due process." *Midnight Sessions, Ltd. v. City of Philadelphia,* 945 F.2d 667, 680 (3d Cir. 1991).

Plaintiff alleges a constitutionally cognizable property interest in her vehicle. *See Ingraham v. Wright,* 430 U.S. 651 (1977). It is clear from the allegations that, prior to the towing of her vehicle, plaintiff was not provided a pre-deprivation hearing. Whether a pre-deprivation hearing was warranted requires an analysis under the sliding-scale approach promulgated by the Supreme Court in *Mathews v. Eldridge,* 424 U.S. 319 (1976). The court declines to undertake such an analysis here given the need for development of a factual record.

Nor does it appear plaintiff was provided with notice of her right to a post-deprivation hearing. The court takes judicial notice that the Wilmington City Code provides a mechanism for a post-deprivation hearing when a fine is incurred. Section 37-131(b) provides that:

> If such immobilization and/or towing and storage charges are paid under protest, or if the fine on the violation for which the vehicle was towed or immobilized is paid under protest, the offender shall be entitled to a hearing before the municipal court for the city. Such hearings are held, without appointment, on Friday mornings at 9:30 a.m. in the municipal

-7-

court for the city. The notice placed upon the motor vehicle pursuant to section 37-125, warning that the vehicle has been immobilized and should not be moved, shall include a statement **advising the motor vehicle owner or his agent of the foregoing right to pay the fines and fees under protest and to appear in the municipal court on the next Friday morning at 9:30 a.m. to present his reasons why the motor vehicle should not have been immobilized**. When such fines and fees are paid under protest, at which time the motor vehicle shall be released, such fines and fees shall be held in escrow by the department of finance pending the outcome of the municipal court hearing. If the municipal court determines that the motor vehicle should not have been immobilized or that such fines and fees or any part thereof need not have been paid, the court shall so advise the department of finance which shall release such fines or fees or part thereof from the escrow account to the motor vehicle owner or his agent.

Wilmington City Code § 37-131(b) (emphasis added).

With regard to a post-deprivation hearing, the complaint alleges that plaintiff was not required to pay a fine, was given no explanation why the vehicle would not be released to her, and given no notice of her right to appear in municipal court for a hearing as required by § 37-131(b).

City defendants rely upon Wilmington City Code § 37-131(a)(1) and (2), as follows:

> Redemption of vehicles; civil penalties for abandoned vehicles.
> (a) Before the owner or his agent shall be permitted to have an immobilized vehicle released or to remove an impounded vehicle from any pound provided for by this article, the following steps shall be taken:
> (1) The owner shall pay by cash, money order, or certified check only to the city any fines and immobilization fees due and owing for the violations for which the vehicle was immobilized or towed, as well as any other fines for any other parking violations which the vehicle owner may owe to the city. Upon payment of these fines, the department of public works will provide a receipt. In the case of an immobilized vehicle, the department of public works shall cause the device to be removed from the vehicle and release the vehicle to the owner forthwith.
> (2) The owner shall present the department of public works

> receipt, as well as **proof of ownership** of the towed vehicle, to the records division of the police department. The owner will then be issued a release-of-vehicle form.

Wilmington City Code § 37-131(a) (emphasis added).

According to City defendants in their statement of facts, plaintiff was required to tender a receipt from the City's Public Works Department for payment of any outstanding fines along with proof of ownership and registration to the records division of the police department. (D.I. 27 at 3) Defendants argue that the Wilmington City Code requires a showing of proof of ownership and, because plaintiff's vehicle was unregistered, she was unable to show that she was the lawful owner. The court notes that § 37-131(a)(2) speaks to "proof of ownership" and not registration of the vehicle.[4] City defendants equate proof of ownership with registration. The issue of whether a bill of sale suffices to offer proof of ownership as required in § 37-131(a)(2) is one better suited to a summary judgment motion.

The court finds plaintiff has stated a claim for violations of her right to procedural due process. Therefore, the court will deny the motion to dismiss the procedural due process claims.

---

[4] Under Delaware law, "owner" means a person who holds the legal title of a vehicle or in the event a vehicle is the subject of an agreement for the conditional sale or lease thereof with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee or in the event a mortgagor of a vehicle is entitled to possession, then such conditional vendee or lessee or mortgagor shall be deemed the owner for the purpose of this title. See 21 Del. C. § 101(45). "Registration" means the registration certificate or certificates and registration plates issued under the laws of the State of Delaware pertaining to the registration of motor vehicles. See 21 Del. C. § 101(54). The general rule is that proof that a motor vehicle is registered in the name of a person as owner creates a presumption which makes prima facie case of ownership of the vehicle. Finkbiner v. Mullins, 532 A.2d 609, 613 (Del. Super. 1987).

### 2. Equal protection

The Equal Protection Clause provides that no State shall deny to any person within its jurisdiction the equal protection of the laws. U.S. Const. amend. XIV. To state a claim under the equal protection clause, plaintiff must show that she "received different treatment from that received by other individuals similarly situated." *Shuman v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439(1985)).

The complaint does not adequately allege that plaintiff was treated differently because of her membership in a protected class. Nor does it allege that the taking of the vehicle occurred based upon race or for other discriminatory purposes. While the complaint does allege that plaintiff was treated differently from others whose cars were towed, it does so in a conclusory manner without supporting facts.

For these reasons the court finds that the complaint fails to state an equal protection claim. Therefore, the court will grant the motion to dismiss the equal protection claim.

### B. Municipal Liability

The City moves for dismissal on the grounds that the complaint fails to allege any facts to establish municipal liability pursuant to 42 U.S.C. § 1983.[5] A municipality may only be held liable under § 1983 when the "execution of a government's policy or custom . . . inflicts the injury." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). While a government policy is established by a "decisionmaker

---

[5]The court considers the City and its Department of Revenue and Records Department as one municipal defendant.

possessing final authority," a custom arises from a "course of conduct . . . so permanent and well settled as to virtually constitute law." *Andrews,* 895 F.2d at 1480 (citing *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978)). Accordingly, a plaintiff seeking to recover from a municipality must: (1) identify an allegedly unconstitutional policy or custom; (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of the Cnty. Comm'rs v. Brown,* 520 U.S. 397, 404 (1997). Here, plaintiff seeks the return of her car. In order for a civil rights plaintiff to successfully sue a municipal entity under § 1983, the plaintiff must show that the injury was caused by municipal policy or custom, irrespective of whether the remedy sought is money damages or prospective relief. *Los Angeles Cnty. v. Humphries,* __U.S.__, 131 S.Ct. 447 (2010).

Liberally construing the complaint, plaintiff alludes to unconstitutional policies or customs (the taking of her property without notice or hearing) and resulting injury as a result of the policies. The court finds these allegations sufficient to survive a motion to dismiss. Therefore, the court will deny the motion to dismiss the procedural due process claims alleging municipal liability. As discussed above, the equal protection claim will be dismissed.

## V. CONCLUSION

For the reasons discussed above, the court will deny in part and grant in part City defendants' motion to dismiss. (D.I. 26)

An appropriate order will be entered.